THOMAS H. GORMAN *v.* SIDNEY E. BERGHANS.

The authorization required to enable a married woman to appeal from a judgment rendered against her, must be proved by other evidence than her own allegations, or those of her counsel.

Unless specially empowered by the husband, an attorney at law cannot authorize the wife of his client to do any act for which the authorization of the husband is required.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

This case was submitted without argument, by *Eyma*, for the plaintiff, and *Greiner*, for the appellant.

MORPHY, J. Two appeals have been taken in this case, and dismissed, on the ground that the appellant, who is a married woman, was not authorized and assisted by her husband in the proceedings. See 1 Robinson, 230, 468. When the last appeal was brought up, we said that the authorization of the husband, who resides out of the state, did not otherwise appear than by its being stated in the petition of appeal that she was by him assisted, which assistance or authorization should, we thought, be proved *aliunde*. The present record exhibits no better evidence of the husband's authorization than the former one. We find in it a paper which is called an authorization. It is a petition presented to the court below by the appellant's counsel, in the name of her husband, in which he is made to state that, inasmuch as a judgment has been rendered against his wife from which she is desirous to appeal, he comes into court, makes himself a party,

and authorizes his wife to take an appeal, and assists her in the prosecution of the same, &c. We cannot acknowledge in an attorney at law, the right to assist and authorize the wife of his client to do any act for which the authorization of her husband is required by law, unless he has a special power to that effect from his client. The Civil Code, article 129, provides, that " if the husband be under interdiction, or absent, the judge may, when satisfied of the fact, authorize the wife to sue or be sued, or to make contracts." We find in the record no authority emanating either from the appellant's husband, or from the court below.

*Appeal dismissed.*